IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN MOORE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LOGSAT SOFTWARE LLC,<br><br>　　　　　Defendant. | Case No. 1:21-cv-01759<br><br>**Plaintiff's Complaint for Damages and Jury Trial Demand** |

Plaintiff, John Moore, by counsel, brings the following complaint for damages against Defendant LogSat Software LLC. In support of this complaint, Plaintiff alleges the following:

### Parties

1. Plaintiff is an individual citizen of Indiana. At all times relevant to this complaint he resided in Marion County, Indiana.

2. Defendant is a Delaware corporation whose registered agent and principle place of business are in Wilmington, Delaware. Therefore, Defendant is a citizen of Delaware.

### Jurisdiction and Venue

3. This Court has original jurisdiction over this action under 28 U.S.C § 1332 because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant, as Defendant has maintained systematic contact with Indiana and committed acts that have caused

tortious injury in this judicial district. Furthermore, Defendant has conducted business in Indiana through selling its products to Indiana residents.

5. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district.

## Factual Background

6. Defendant is the owner and operator of an app called "Sex Offenders Search."

7. The app allows consumers to obtain a list of convicted sex offenders near their current location, near a contact, near a particular street address, or by a particular name.

8. Plaintiff's name, picture, address, and other identifying information appear on the "Sex Offenders Search" app.

9. Plaintiff is not a sex offender. And he has never been accused of, arrested for, or convicted of any sex-related offense.

10. Plaintiff's colleagues and family informed him of his listing on the "Sex Offenders Search" app, which has forced him to prove a negative – that he is not a sex offender.

11. Plaintiff has suffered emotional distress due to his listing on the "Sex Offenders Search" app.

## Count I

(defamation *per se*)

12. Plaintiff incorporates by reference all prior allegations in this Complaint as fully as if set forth herein.

13. Defendant communicated to all users of the "Sex Offenders Search" app, including Plaintiff's colleagues, friends, and family, that Plaintiff is a sex offender.

14. This communication imputed criminal conduct and misconduct in Plaintiff's trade profession, office, or occupation.

15. Defendant's communications were of the kind that tend to lower a person's reputation in the community, or discourage others from dealing or associating with the person.

16. Defendant knew its communications were false, or, believing them to be true, failed to use reasonable care to determine the truth of the communications.

17. Defendant's communications were the responsible cause of damage to Plaintiff.

18. Regardless, the law presumes reputational injury and damages in a claim for defamation *per se*.

**Wherefore,** Plaintiff, by counsel, respectfully requests the Court to enter judgment in his favor and against Defendant on Count I, award Plaintiff presumed damages, award Plaintiff all damages, costs, and fees to which he is entitled, punitive damages, and award Plaintiff any further just and appropriate relief in the premises.

## Count II

### (negligence)

19. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

20. Defendant owed a duty to Plaintiff to properly screen the listings that it chose to place on the "Sex Offenders Search" app.

21. In failing to screen the listings, Defendant breached its duty to Plaintiff.

22. Defendant owed a duty to Plaintiff to take appropriate steps and implement appropriate measures and policies to learn of and correct improper listings on the "Sex Offenders Search" app.

23. Defendant breached its duty to Plaintiff by failing to take appropriate steps and implement appropriate measures and policies to learn of and correct improper listings.

24. As a direct and proximate result of Defendant's above-described negligence, Plaintiff suffered damages.

**Wherefore,** Plaintiff, by counsel, respectfully requests the Court to enter judgment in his favor and against Defendant on Count II and award Plaintiff all damages, costs, and fees to which he is entitled, and any further just and appropriate relief in the premises.

Respectfully Submitted,

WILLIAMS & PIATT, LLC

/s/ *James A. Piatt*
James A. Piatt (#28320-49)
301 Massachusetts Avenue, Suite 300
Indianapolis, IN 46204
(317) 633-5270
Fax: (317) 426-3348
james@williamspiatt.com

*Counsel for Plaintiff*

## Jury Demand

Plaintiff respectfully demands a jury trial on all issues and counts so triable.

/s/ *James A. Piatt*
James A. Piatt